JEWISH COLONIZATION ASS'N et al. v. SOLOMON & GERMANSKI.

(Circuit Court, S. D. New York. December 2, 1903.)

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—ALIENS—LIMITED PARTNERSHIP.

Where certain of the members of a limited partnership organized under the laws of New York were aliens, and such partnership was joined with a foreign corporation as a plaintiff in an action in the federal court in New York against a firm composed of citizens of New York, such limited partnership should not be treated, for the purpose of determining jurisdiction, as if it were a corporation located in New York, but the members thereof retain their individual rights as aliens entitled to sue in the federal courts.

2. TRADE-MARKS—LABELS—ACTIONS—PARTIES.

Where a bill by a corporation and a limited partnership for infringement of certain trade-marks and labels and for unfair competition showed that both plaintiffs had an actual, though not an equal, interest in the use of the marks and labels, they were properly joined as plaintiffs in such suit.

---

¶ 1. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

**3.** SAME — INFRINGEMENT — UNLAWFUL COMPETITION — CAUSES OF ACTION — JOINDER.

Where both the trade-mark and labels claimed to be owned by plaintiffs were made use of by defendants in the same acts that would constitute a violation of the rights of the plaintiffs as to both, plaintiffs were entitled to join in a single suit in equity a cause of action for infringement of the trade-mark and labels and for unlawful competition.

**4.** SAME—VALIDITY OF TRADE-MARK—GEOGRAPHICAL NAMES—DEMURRER.

In a suit for infringement of certain trade-marks and labels and for unlawful competition, an objection that the trade-marks are invalid because consisting of geographical names, etc., cannot be considered on demurrer.

In Equity.

Walter F. Rogers, for plaintiffs.

George Whitefield Betts, Jr., for defendants.

WHEELER, District Judge. The plaintiff the Jewish Colonization Association is a corporation of England doing business at Paris, in France. The plaintiff Carmel Wine Company is a firm in New York organized and doing business in accordance with the statutes of New York constituting limited partnerships. The plaintiffs Elias Wolf, Lewin Epstein, Wolf Gluskin, and Izaak L. Goldberg are citizens of Russia, and are the members of the limited partnership. The defendants, Judah Solomon and Ascher L. Germanski, are the members of the defendant firm, and citizens of New York. According to the allegations of the bill, the colonization association is an owner and dealer in wines and cognacs in Europe, and the Carmel Wine Company is the selling agent of that corporation in this country. The bill is brought for infringement and unfair competition in trade in the use of the plaintiffs' trade-mark and labels. The bill is demurred to.

One ground of demurrer relied upon is that the limited partnership is a citizen itself of the state of New York, as if it was a corporation, and that, therefore, the defendants being citizens of New York, this court has no jurisdiction, which rests in this case upon alienage or diverse citizenship. It is not understood, however, that the members of a firm constituted according to the statutes lose their individual identity in the rights and business of the firm, as they do in corporations, but it is considered that they retain their individual rights, and act accordingly as such, and bind themselves individually so far as they are bound by their acts at all in this manner, and that they, as citizens of Russia, are the plaintiffs, the same as if they were dealing ordinarily in their own name. The plaintiffs are therefore all aliens, and the defendants citizens of New York, and the jurisdiction is well founded.

Another ground of demurrer is that the plaintiffs have distinct interests in the trade-mark and labels, and therefore cannot be joined in maintaining the suit, and that infringement and unfair competition cannot be prosecuted in the same action. The bill shows that the

¶ 3. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

plaintiffs have actual, although not equal, interests in the use of the trade-mark and the labels, and that both the trade-mark and the labels are made use of by the defendants in the same acts that would constitute a violation of the rights of the plaintiffs as to both. While parties so situated might not be entitled to maintain an action at law, in equity all those having interests involved in the suit may join therein for the protection of such rights in the subject-matter as they may have, and that the same acts may be proceeded against in one action, although the rights may be diverse—as, for example, the infringement of separate patents by one machine.

The other ground of demurrer relied upon, which seems to be worthy of notice, is that the trade-marks and labels are themselves of such a nature, geographical and otherwise, that they are not the subject of rights to their exclusive use in this business. Whatever there may be to this question should apparently be raised as a matter of defense to the bill, and not by demurrer. Therefore the demurrer should, according to these views, be overruled, and the defendants be required to answer over.

Demurrer overruled; defendants to answer over by January rule day.